IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID STEVEN DAHLER,

                                                                                 ORDER

                    Petitioner,

                                                                       11-cv-97-bbc

     v.

C. HOLINKA, Warden,
Oxford Federal Correctional Institution,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has not asked for leave to proceed in forma pauperis or paid the $5 fee. In a cover letter accompanying his petition, petitioner indicates that the $5 fee will be forthcoming.

      Petitioner should be aware that if he decides he cannot afford to pay the filing fee, he may ask for leave to proceed in forma pauperis. However, I cannot determine whether petitioner is indigent for the purpose of filing a § 2241 petition unless he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999).

1

Petitioner has not filed such a statement.

If petitioner responds to this order by filing a trust fund account statement, the court will calculate his average monthly deposits and average monthly balances for the six-month period immediately preceding the filing of the petition. If 20% of the greater of these two figures is $5 or more, petitioner will not be eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he will have until March 10, 2011 in which to submit a check or money order made payable to the clerk of court in the amount of $5. In any event, petitioner should act quickly. If, by March 10, 2011, petitioner does not submit either the $5 payment or a six-month trust fund account statement, I will assume that he wishes to withdraw this action voluntarily and I will dismiss the petition without prejudice to his filing the case at a later date. Petitioner should show a copy of this order to prison officials so that they are aware they should send either the $5 filing fee or the required trust fund account statement to this court.

ORDER

IT IS ORDERED that petitioner may have until March 10, 2011, in which to submit a trust fund account statement for the period beginning approximately April 1, 2007 and ending approximately October 1, 2007. Alternatively, petitioner may have until March 10, 2011, in which to pay the $5 fee for filing his petition. If, by March 10, 2011, petitioner does not pay the filing fee or submit the required trust fund account statement, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 17th day of February, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge