IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID STEVEN DAHLER,

                        Petitioner,

    v.

C. HOLINKA, Warden FCI Oxford,

                        Respondent.

ORDER

11-cv-97-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. Petitioner David Steven Dahler, a federal prisoner, contends that the Federal Bureau of Prisons is violating 42 U.S.C. § 17541(g) by declaring him ineligible for what he calls the "elderly offender home detention pilot program." Under § 17541(g)(1)(A), "[t]he Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." Petitioner argues that the Bureau of Prisons has erred in concluding that he has not "served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced," which is one of the requirements to be an "eligible elderly offender." 42 U.S.C.

1

§ 17541(g)(5)(A)(i)-(vii).

I cannot consider the merits of petitioner's claim because it is not properly raised in a habeas corpus action under § 2241, which is limited to challenges to a prisoner's custody. In Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the court established the rule that a prisoner may not use § 2241 to challenge a decision by the bureau unless success on the claim would "entitle [the petitioner] to [a] change in the duration or . . . the location of his confinement." Id. at 605. If the petitioner's claim is not that he is entitled to be released, but that he is entitled to "an opportunity to be considered for release," the prisoner must bring that claim in a civil action. Id.

For example, in Richmond, the petitioner was claiming that the bureau erred in concluding that he was not eligible for transfer to a halfway house until the last 10 percent of his sentence. The statutes on which the petitioner relied did not guarantee placement in a halfway house under any circumstance; the question was simply whether the bureau erred in concluding that it did not have discretion to transfer the petitioner. Thus, if the petitioner won his claim, he would be entitled to an order directing the bureau to exercise its discretion, not to earlier release. In that situation, the prisoner was required to bring his claim under the Administrative Procedure Act. Id. at 606.

The same is true in this case. Petitioner asks for an order directing his release, but the way he frames his claim is not controlling; the question is whether success on his claim would

require the court to direct respondent to release him on an earlier date. The answer to that question is no. Even if I assume that the difference between home detention and prison represents a "a quantum change in the level of custody," Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991), § 17541(g) is like the statute at issue in Richmond because it does not guarantee a transfer. The statute says that, "[i]n carrying out a pilot program . . . , the Attorney General *may* release *some or all* eligible elderly offenders from the Bureau of Prisons facility to home detention." 42 U.S.C. §17541(g)(1)(B) (emphasis added). This means that the statute simply allows the government to exercise its discretion in determining whether some eligible prisoners should be placed in home detention. Thus, if petitioner prevailed on his claim, I would direct the bureau to consider him for the program, but I could not order his transfer on a particular date.

When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two types of cases. Robinson v. Sherrod, No. 10-2147, 2011 WL 222254, *1 (7th Cir. Jan. 26, 2011) ("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent" because "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects."); Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000) ("Prisoners may be tempted to choose one route rather than another to avoid limitations imposed by

3

Congress."); Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

     For example, the filing fee is $5 for a habeas petition, but $350 for a civil action. In addition, the Prison Litigation Reform Act applies to civil cases, but not to habeas petitions. Under the PLRA, petitioner would be required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, the Act requires the court to screen petitioner's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the in forma pauperis statute unless he is in imminent danger of serious physical harm. Finally, the respondent in a habeas petition may be different from the appropriate defendant in a civil action. For example, in an action under the Administrative Procedure Act, generally the proper defendant is the federal agency responsible for making the challenged decision. 5 U.S.C. § 702 (permitting judicial review of "agency action").

     Accordingly, no action will be taken in this case until petitioner clarifies his

intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so, although in that case I will dismiss the action promptly for his failure to show that he is in custody in violation of the Constitution or laws of the United States. If he decides to pursue a civil action under the Administrative Procedure Act or another statute, he will have to advise the court of that fact no later than March 24, 2011. If petitioner chooses the second route, he must either pay the $350 filing fee or submit a request for leave to proceed in forma pauperis that is accompanied by a trust fund account statement for the six-month period immediately preceding the filing of his action so that the court can assess him an initial partial payment of the filing fee as § 1915 requires. In addition, he should identify the party or parties he wishes to name as defendants.

ORDER

IT IS ORDERED that petitioner David Steven Dahler may have until March 17, 2011, to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action. If he chooses to proceed with a civil lawsuit, he must submit no later than March 24, 2011, either (1) a check or money order made payable to the clerk of court in the amount of $350; or (2) a request for leave to proceed in forma pauperis, together with a trust fund account

5

statement that covers the last six months.

Entered this 3d day of March, 2011.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge