IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID STEVEN DAHLER,

                 Plaintiff,

      v.

C. HOLINKA, Warden FCI Oxford,
WEBER, Case Manager FCI Oxford,
MICHAEL K. NALLEY, Regional Director
  Federal Bureau of Prisons and
HARRELL WATTS, Administrator
  National Inmate Appeals Federal Bureau of Prisons,

                 Defendants.

ORDER

11-cv-97-bbc
_____

In an order entered April 13, 2011, Judge Barbara Crabb assessed plaintiff David Dahler an initial partial payment of $8.69 to be paid by May 6, 2011. Now before the court is a letter from plaintiff dated April 18, 2011. In his letter, plaintiff explains that due to his recent transfer to FCI Forrest City, Arkansas, he only has $1.12 in his prison account. However, plaintiff notes in his letter that he may have sufficient funds to make the initial partial payment by the middle of the month. Plaintiff asks the court to either waive the initial partial payment or extend the deadline by which he is to submit the initial partial payment.

For plaintiff's information, In 28 U.S.C. § 1915, Congress has dictated the manner in which prisoners must pay the fees for filing federal lawsuits and appeals. In calculating the amount of plaintiff's initial partial payment in this case, Judge Crabb used the trust fund account statement plaintiff submitted in support of his request to proceed in forma pauperis. This statement showed that for the six-month period immediately preceding the filing of this lawsuit, plaintiff had $410.60 in deposits to his account. Judge Crabb was able to calculate plaintiff's average monthly deposits for that time period to be $68.43; twenty percent of that amount is

$13.69.  Subtracting the $5.00 plaintiff had already paid, Judge Crabb found that plaintiff owed

an additional $8.69 as an initial partial fee for filing this action.  Because this court is bound by

the provisions of the Prison Litigation Reform Act and because it is clear plaintiff's initial partial

payment was calculated correctly pursuant to these provisions, his motion to waive the initial

partial payment of the $350 filing fee will be denied.

In the alternative, plaintiff asks for an extension of time in which to pay his initial partial

payment.  I will grant plaintiff's request.  Plaintiff may have an additional three weeks, until

May 27, 2011, in which to submit his initial partial payment of $8.69.


ORDER

IT IS ORDERED that

(1)  Plaintiff's request to waive the initial partial payment assessed in this case is
DENIED.

(2)  Plaintiff's request for an extension of time in which to pay the initial partial
payment is GRANTED.  Plaintiff is to submit a check or money order made
payable to the clerk of court in the amount of $8.69 on or before May 27, 2011.
If, by May 27, 2011, plaintiff fails to pay the initial partial payment or show
cause for his failure to do so, I will assume that he wishes to withdraw this action
voluntarily and the clerk of court is directed to close this file without prejudice to
plaintiff's filing his case at a later date.


Entered this 27th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2